IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**SHEILA LARAINE ARMOUR,**

    **Plaintiff,**

    v.

**ALLIED UNIVERSAL,**

    **Defendant.**

Case No. 17-2258-CM-GLR

## ORDER TO SHOW CAUSE

Plaintiff has filed a Motion to Proceed Without Prepayment of Fees (ECF 3). Based on the information provided by Plaintiff in her Motion and Affidavit of Financial Status (ECF 3-1), the Court finds that Plaintiff has shown an inability to pay the filing fees and a belief that she is entitled to relief. Thus, the Court concludes that the motion should be granted. As a result, her Complaint[1] (ECF 1) is subject to screening under 28 U.S.C. § 1915(e)(2). As explained more fully below, the Court orders Plaintiff to show good cause, in writing, to the District Judge as to why her Complaint should not be dismissed for failure to state a claim upon which relief may be granted.

## SCREENING

**A.**     **Background**

Plaintiff Sheila Armour, proceeding pro se, alleges a claim of employment discrimination, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*, against her former employer, Defendant Allied Universal. Plaintiff filed an almost identical suit

---

[1] When filing this case, Plaintiff submitted to the Court both a form Employment Discrimination Complaint (ECF 1) and a form Civil Complaint (ECF 1-2). In such an instance, the Court's standard procedure is to file the Employment Discrimination form complaint as the operative Complaint, which it did here. However, because Ms. Armour's form Civil Complaint contains additional or different factual allegations, the Court filed the form Civil Complaint as an attachment to her Complaint. The Court construes both as Plaintiff's Complaint.

1

against Universal Protection Service.[2]  In both cases, Plaintiff claims that Defendant retaliated against her and that she was not offered compensation for her work injury on account of her African-American ethnicity.  The only material difference between Plaintiff's suits[3] is that here she also alleges racial harassment, stating:

> I was made to feel that I would not have any support with this because everyone would claim they never got injured.  They denied my workers compensation claim and completely disregarded my injuries.  I was verbally attacked and made to feel like an outsider.[4]

Plaintiff seeks monetary damages in the amount of $5,000,000 for her physical injury (burns, damage to organs, and potential face lift) and her emotional injury (discrimination and distress), and she seeks an apology.

### B. Failure to State a Claim

Under 28 U.S.C. § 1915(e)(2)(B), a court, after granting leave to proceed in forma pauperis, must screen a Complaint to determine whether the case should be dismissed because "the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

In determining whether a case must be dismissed for failure to state a claim under § 1915(e)(2)(B)(ii), courts employ the same standard applicable to determining a motion to dismiss under Fed. R. Civ. P. 12(b)(6).[5]  To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to

---

[2] *See* Case No. 17-2227-DDC-GLR.  In August 2016, AlliedBarton Security Services and Universal Services of America, of which United Protection Service is a subsidiary, merged to become Allied Universal.  *See* Allied Universal, http://www.aus.com/media-center/press-releases/view-press-release/articleid/996/new-allied-universal-officially-launched-to-lead-security-and-facility-services-industries (last visited June 29, 2017).  Plaintiff tacitly acknowledges the merger in her Charge of Discrimination to the EEOC (ECF 1-1 at 1).

[3] *Compare* ECF 1 at 3 *with* ECF 1 at 3 in Case 17-2227.

[4] ECF 1 at 4.

[5] *Kay v. Bemis*, 500 F.3d 1214, 1217–18 (10th Cir. 2007) (citations omitted).

relief above the speculative level" and must contain "enough facts to state a claim to relief that is plausible on its face."[6]  "[T]he complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims."[7]  The plausibility standard does not require a showing of probability that a defendant has acted unlawfully, but requires more than "a sheer possibility."[8]  "[M]ere 'labels and conclusions,' and 'a formulaic recitation of the elements of a cause of action' will not suffice; a plaintiff must offer specific factual allegations to support each claim."[9]  Finally, the Court must accept the nonmoving party's factual allegations as true and may not dismiss on the ground that it appears unlikely the allegations can be proven.[10]

The Supreme Court has explained the analysis as a two-step process.  For the purposes of a motion to dismiss, the court "must take all the factual allegations in the complaint as true, [but] we 'are not bound to accept as true a legal conclusion couched as a factual allegation.'"[11]  Thus, the court must first determine if the allegations are factual and entitled to an assumption of truth, or merely legal conclusions that are not entitled to an assumption of truth.[12]  Second, the court must determine whether the factual allegations, when assumed true, "plausibly give rise to an entitlement to relief."[13]  "A claim has facial plausibility when the plaintiff pleads factual content

---

[6]*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

[7]*Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

[8]*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[9]*Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (quoting *Twombly*, 550 U.S. at 555).

[10]*Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

[11]*Id.*

[12]*Id.* at 679.

[13]*Id.*

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[14]

Courts construe pro se filings liberally, but they do not "assume the role of advocate."[15] Additionally, "dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts [s]he has alleged and it would be futile to give [her] an opportunity to amend."[16]

A complaint alleging employment-based discrimination, retaliation, or harassment under Title VII must "make at least minimal factual allegations on every element of the claim."[17] "Vague references to discrimination, retaliation, or harassment without any indication that the alleged misconduct was motivated by [race] or another category protected by Title VII will be insufficient to support an employment-based claim."[18] To state a claim of retaliation under Title VII, an employee must allege she suffered a materially adverse employment decision "because [s]he has opposed any practice made an unlawful employment practice by [Title VII], or because [s]he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [Title VII]."[19]

As to Plaintiff's claims of retaliation and workers compensation, the Court incorporates the findings and conclusions in its Report and Recommendation in Plaintiff's other case.[20] The

---

[14]*Id.* at 678.

[15]*Yang v. Archuleta*, 525 F.3d 925, 927 (10th Cir. 2008) (citing *Ledbetter v. City of Topeka, Kan.,* 318 F.3d 1183, 1187–88 (10th Cir.2003)); *Curley v. Perry*, 246 F.3d 1278, 1281 (10th Cir. 2001).

[16]*Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007); *Curley v. Perry*, 246 F.3d 1278, 1281–82 (10th Cir. 2001).

[17]*Sims v. Wyandotte Cty./Kan. City, Kan.*, 120 F. Supp. 2d 938, 967 (D. Kan. 2000).

[18]*Rivera v. Sw. Bell Tel. Co.*, No. 13-1039-RDR, 2013 WL 2319395, at *2 (D. Kan. May 28, 2013) (citing *Anderson v. Acad. Sch. Dist. 20*, 122 F. App'x 912, 916 (10th Cir. 2004)).

[19]*Semsroth v. City of Wichita*, 548 F. Supp. 2d 1203, 1210 (D. Kan. 2008) (quoting 42 U.S.C. § 2000e-3(a)).

[20] *See* ECF 5 in Case 17-2227-DDC-GLR.

Court thus turns to the only remaining claim that is unique to this case: racial harassment in the workplace. Plaintiff states that, because she complained about being electrocuted, two co-workers racially harassed her, a supervisor attempted to write her up on several occasions, and that she believes she has "been subjected to different terms and conditions because of her race."[21] Plaintiff provides no more detail to support an allegation of discrimination. She does not explain what the two co-workers said or did that constitutes racial harassment. Similarly, her allegation that her supervisor *attempted* to write her up on several occasions also lacks a connection to her race. Like her other case,[22] Plaintiff has not alleged any facts supporting her Title VII claims, or any other apparent claim that could be brought in this Court. Unlike her other case, however, the Court does not believe Plaintiff cannot allege *any* set of facts to proceed with her racial harassment claim; rather, she simply has not done so here.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Proceed Without Prepayment of Fees (ECF 3) is granted.

**IT IS FURTHER ORDERED** that, on or before August 3, 2017, Plaintiff shall show good cause, in writing, to the District Judge as to why her case should not be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

**IT IS FURTHER ORDERED** that the Clerk's office is directed to withhold issuing waiver of summons of service to Defendant until further order of this Court.

Dated in Kansas City, Kansas, this 20th day of July, 2017.

<u>s/Gerald L. Rushfelt</u><br>
Gerald L. Rushfelt<br>
United States Magistrate Judge

---

[21] ECF 1-1 at 1; ECF 1-2 at 3–4.

[22] *See also* ECF 5 in Case 17-2227-DDC-GLR.