# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**SHEILA L. ARMOUR,**

      **Plaintiff,**

      **v.**                                             **Case No. 17-2258**

**ALLIED UNIVERSAL,**

      **Defendant.**

## MEMORANDUM & ORDER

This matter comes before the court upon the Order to Show Cause issued by Magistrate Judge Rushfelt (Doc. 4) and plaintiff's Response thereto (Doc. 5). Judge Rushfelt granted plaintiff's motion to proceed without the prepayment of fees but also ordered her to show cause why her complaint should not be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2). Plaintiff filed a response on August 4, 2017, one day late. For the reasons explained below, this case is dismissed for failure to state a claim upon which relief may be granted.

### I.      Background

Plaintiff Sheila L. Armour, appearing pro se, filed this case on May 3, 2017, asserting an employment discrimination claim pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq. Plaintiff claims allege discrimination based on race; retaliation; and harassment by her former employer, defendant Allied Universal. Plaintiff moved for and was granted leave to proceed in forma pauperis. In granting leave, the court was required to conduct a screening of plaintiff's complaint. When a plaintiff proceeds pro se, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal—(i) is frivolous or malicious; (ii) fails to state a claim on

which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

As Judge Rushfelt noted in his order to show cause, plaintiff filed two cases with nearly identical allegations. This one against Allied Universal and one that was before Judge Crabtree against Universal Protection Services. which merged to become a part of Allied Universal in August 2016. The case before Judge Crabtree was dismissed for failure to state a claim. As Judge Rushfelt noted, the only material difference between plaintiff's claims in the two cases is that in this case she alleges racial harassment in addition to her claims of discrimination and retaliation based on race.

## II. Discussion

### A. Legal Standard

As explained in the order to show cause, the court employs the same standard under § 1915(e)(2)(B)(ii) as it does to decide motions to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). Fed. R. Civ. P. 8(a)(2) requires complaints to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The United States Supreme Court has explained that the purpose of notice pleading is to provide defendants with fair notice of the claims against them and any alleged grounds for relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), plaintiff must state a claim for relief that is plausible on its face. *Id.* at 570. The complaint must consist of "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 554. Plaintiff must plead sufficient facts that the court may draw reasonable inferences that defendant is liable. *Ashcroft v. Iqbal*, 555 U.S. 662, 678 (2009). Plaintiff need not show that the right to relief is

probable, but the facts must raise the right to relief above the speculative level—it must be plausible. *Twombly*, 550 U.S. at 545.

The court takes all well-pleaded allegations in plaintiff's complaint as true and construes them in her favor. *Smith v. United States*, 561 F. 3d 1090, 1098 (10th Cir. 2009). The court's role at the motion to dismiss stage is not to weigh the evidence but to determine whether the allegations are legally sufficient to state a claim for relief upon which relief may be granted. *Id.*

Where a plaintiff proceeds pro se, the court construes her filings liberally and holds them to less stringent standards than pleadings filed by lawyers. *Barnett v. Corr. Corp of Am.*, 441 F. App'x 600, 601 (10th Cir. 2011). Pro se plaintiffs are nevertheless required to follow the Federal and Local Rules of practice and the court does not assume the role of advocating for plaintiff. *United States v. Porath*, 553 F. App'x 802, 803 (10th Cir. 2014).

### B.    Title VII Employment Discrimination

"An employment discrimination complaint need not contain specific facts establishing a prima facie case under the *McDonnel Douglas* framework, but instead must contain only a short and plain statement of the claim showing that the pleader is entitled to relief." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002) (quoting Fed. R. Civ. P. 8(a)'s pleading requirements)). The court should only dismiss a complaint "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Id.* at 507 (citing *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)). However, "[a] complaint alleging employment-based discrimination, retaliation or harassment under Title VII must make at least minimal factual allegations on every element of the claim." *Rivera v. Sw. Bell Tel. Co.*, No. 13-1039-RDR, 2013 WL 2319395, at *2 (D. Kan. May 26, 2013) (quoting *Sims v. Wyandotte Co./Kan. City, Kan.*, 120 F. Supp. 2d 938, 367 (D. Kan. 2000)). As Judge Rushfelt explained in his order to show cause, [v]ague references to discrimination, retaliation,

or harassment "without any indication that this misconduct was motivated by race . . . does not constitute protected activity and will not support a retaliation claim." *Anderson v. Academy Sch. Dist. 20*, 122 F. App'x 912, 916 (10th Cir. 2004).

Plaintiff's complaint explains that the alleged discrimination occurred January 16, 2017. (Doc. 1 at 2.) Plaintiff claims that her employer failed to compensate her for a work related injury:

> I was injured on the job and I was made to feel that I would not have any support with this because everyone would claim they never got injured they denied my workers compensation claim and completely disregarded my injuries. I was verbally attacked and made to feel like an outsider. . . . I have been denied workers compensation and they said they did not have knowledge of my injury which is a falsehood.

(*Id.* at 3–5.) She also claims that she was "subjected to racial harassment by two co-workers and a security supervisor attempted to write me up on several occasions. I believe I have been subjected to different terms and conditions because of my race and harassed in retaliation for complaining about being electrocuted." (Doc. 1-2 at 4.)

She seeks $5,000,000 in money damages and an apology from defendant. Plaintiff attached to her complaint various documents including: her notice of dismissal and right to sue letter from the EEOC; some WebMD materials discussing what to do for electrical and lightening injuries; a document titled "First Aid & Emergencies" for electric shock treatment; some pictures presumably showing the device plaintiff claims she was injured by and her injuries; a printed page from what appears to be a British emergency medical technician study website that shows different electrocardiogram rhythms and explains what is regular; a photo of a medical record showing a prescription for ondansetron HCL; a photo of a medical screen presumably showing plaintiff's vital statistics from the day she was injured; and a letter from the Department of Veterans Affairs Medical Center that has been highlighted so that part of the writing is illegible. (Doc. 1-1.)

Plaintiff's response to Judge Rushfelt's order to show cause expresses dissatisfaction with the fact that her other case was dismissed and requests that this court not dismiss her case but allow it to go to trial so that the facts may be discovered. However, to proceed in federal court, plaintiff's allegations must meet a threshold requirement before her case may proceed to discovery and potentially eventually to trial. Just as in plaintiff's other case, her pleadings and response to the order to show cause offer nothing more than vague allegations that she was injured on the job and did not receive what plaintiff considers to be an appropriate response from her employer.

For example, plaintiff would be required to make at least some minimal showing to support a retaliation claim, which would eventually require plaintiff to prove: (1) that she engaged in protected activity; (2) that she suffered an adverse employment action; and (3) there is a causal connection between the two. *Rivera*, 2013 WL 2319395, at *3. Nothing in plaintiff's filings would support any of these elements

Likewise, plaintiff does not make any specific allegations regarding harassment or discrimination. A prima facie case for discrimination under Title VII requires plaintiff to show: (1) she was a member of a protected class; (2) she suffered an adverse employment action; and (3) the alleged adverse action took place under circumstances giving rise to an inference of discrimination. *Murdock v. Wichita, Kan.*, No. 09-2103-EFM, 2011 WL 1230325, at *3 (D. Kan. Mar. 30, 2011). Plaintiff is African American. But she does not allege or include any facts that would support a finding that she suffered an adverse employment action, especially not one that would give rise to an inference of discrimination. *Sanchez v. Denver Pub. Sch.*, 164 F.3d 527, 532 (10th Cir. 1998) (explaining that "adverse employment action" should be liberally construed and determined on a case-by-case basis, but that it should "constute[] a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a

significant change in benefits. *Id.* (quoting *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 744 (1998))). Plaintiff's allegations do not suggest that she suffered an adverse employment action or that any such action gives rise to an inference of discrimination. For example, plaintiff does not allege that she was fired after filing a claim for workers compensation. For all these reasons plaintiff has failed to state a claim upon which relief can be granted and her case must be dismissed.

**IT IS THEREFORE ORDERED** that pursuant to 28 U.S.C. § 1915(e)(2) this case is dismissed for failure to state a claim upon which relief may be granted.

This case is closed.

Dated October 11, 2017, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**